**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Mara Kurasch,
Plaintiff,
v.
Deer Valley Unified School District, et al.,
Defendants.

No. CV-25-04603-PHX-DGC

**ORDER**

Plaintiff Mara Kurasch brought this lawsuit against Defendants Deer Valley United School District ("the District") and Jenna Moffitt. Doc. 1-2. Defendants have moved to dismiss the claims for defamation, false light invasion of privacy, intentional infliction of emotional distress, and wrongful termination/constructive discharge against the District, and the § 1983 claim against Moffitt. Doc. 14. The motion is fully briefed and no party requests oral argument. *See* Docs. 14, 16, 19. For the reasons stated below, the Court will grant the motion in part and deny it in part.

## I. Background.

Plaintiff's second amended complaint contains the following allegations. Plaintiff is the former Principal of Las Brisas Elementary School. Doc. 12 ¶¶ 7, 14. Plaintiff was diagnosed with and treated for severe anxiety during her tenure as Principal. *Id.* ¶¶ 16-18. Her employer, the District, and the District's Deputy Superintendent of Human Resources, Moffitt, were aware of her disability. *See id.* ¶¶ 20, 39, 94.

On August 2, 2024, Plaintiff expressed concerns to Moffitt and another District employee that the school's special education teachers were not properly certified as required by Arizona law. *Id.* ¶¶ 74-78. Plaintiff requested additional special education resources from the District, but that request was denied. *Id.* ¶¶ 79-81. As a result of inadequate resources, Plaintiff personally responded to behavioral incidents at Las Brisas and was injured during one of these incidents. *Id.* ¶¶ 82-86.

On August 14, 2024, Plaintiff met with Moffitt to request disability accommodations and report disability-based harassment, but Moffitt did not respond to Plaintiff's concerns after the meeting. *Id.* ¶¶ 94-100.

Plaintiff had an anxiety attack at a District meeting on April 24, 2024, and two days later she was placed on a performance improvement plan ("PIP"). *Id.* ¶¶ 37-46, 48-50. During this time, Plaintiff received a poor performance evaluation from her supervisor without explanation. *Id.* ¶¶ 53-55.

On September 16, 2024, the District placed Plaintiff on administrative leave for alleged unprofessional conduct. *Id.* ¶ 102. Plaintiff remained on administrative leave for the duration of her contract, until June 2025. *Id.* ¶ 109. On February 6, 2025, Plaintiff submitted a letter of intent not to return to the District for the following school year. *Id.* ¶ 119.

When asked about Plaintiff's whereabouts, the District represented to parents and District employees that Plaintiff chose to take leave because she "could not hang on any longer." *Id.* ¶¶ 113-14. The District also threatened to report Plaintiff to the Arizona Department of Education ("ADE"). *Id.* ¶ 117.

Plaintiff originally brought this suit in the Maricopa County Superior Court on November 11, 2025. Doc. 1 ¶ 2. Defendants removed the case to this Court based on federal question jurisdiction. Doc. 1 ¶ 5. The parties stipulated that Plaintiff could file the operative

second amended complaint, and Defendants preserved any and all rights to respond to the complaint, including the right to file a motion to dismiss. Doc. 9 at 2.[1]

**II. Rule 12(b)(6) Standard.**

Dismissal for failure to state a claim under Rule 12(b)(6) is appropriate when the complaint lacks a cognizable theory or fails to allege facts sufficient to support its theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court treats all allegations of material fact in the complaint as true and construes them in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). The Court "discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (citing *Iqbal*, 556 U.S. at 678).

**III. Discussion.**

**A. Defamation Claim.**

"To establish defamation under Arizona common law, 'a publication must be false and must bring the defamed person into disrepute, contempt, or ridicule, or must impeach plaintiff's honesty, integrity, virtue, or reputation.'" *Rogers v. Mroz*, 502 P.3d 986, 988 (Ariz. 2022) (quoting *Godbehere v. Phx. Newspapers, Inc.*, 783 P.2d 781, 787 (Ariz. 1989)).

---

[1] Plaintiff argues that Defendants did not properly meet and confer with her regarding all of Defendants' arguments in the motion to dismiss. Doc. 16 at 4-5. The Court will not deny Defendants' motion on that basis. Plaintiff has had three opportunities to plead her claims, and, as Defendants note, she does not identify what she would have added to cure the purported deficiencies in the second amended complaint.

Defamation may be per se or per quod. *Ruggeroli v. Residential Real Est. Council*, No. CV-23-00259-TUC-JAS, 2024 WL 4203156, at *6 (D. Ariz. Sept. 16, 2024). "Defamation per se includes statements that are facially defamatory without the need for 'extrinsic matter' or facts to understand the statements are defamatory while defamation per quod includes statements that require knowledge of 'certain surrounding circumstances' to fall within the definition of defamation." *Id.* (quoting *Ilitzky v. Goodman*, 112 P.2d 860, 862 (Ariz. 1941)). In other words, if a statement is only defamatory via inference, the statement is defamatory per quod. *Id.*

Damages are presumed for defamation per se, but defamation per quod requires the plaintiff to prove special damages. *Id.* at *7. Special damages must involve pecuniary or economic harm – emotional or reputational harm is not enough. *F.A.A. v. Cooper*, 566 U.S. 284, 301 (2012). "If an item of special damages is claimed, it must be specifically stated." Fed. R. Civ. P. 9(g). "[S]pecial damages must be specially pleaded with some specificity in order to demonstrate the sufficiency of the plaintiff's claim for relief, particularly to defeat a motion to dismiss under Rule 12(b)(6) as well as to inform the defendant of the nature of the claim." 5A Wright & Miller, *Federal Practice and Procedure*, § 1310 at 353.

Plaintiff alleges that the District falsely represented to parents and employees that Plaintiff chose to leave her position and "could not hang on any longer." Doc. 12 ¶¶ 172-75. These statements do not constitute defamation per se. They require an inference to be defamatory. Stating that a person chose to leave a position does not, by itself, impeach that person's credibility or reputation.

Given her role as principal and her mental health challenges, however, it is plausible that the District's statements damaged Plaintiff's reputation among parents and employees at Las Brisas and could constitute defamation per quod. But Plaintiff fails to allege the special damages required for defamation per quod. She alleges emotional distress, loss of enjoyment of life, and reputational harm that "injured her profession or trade" (Doc. 12 ¶¶181-82), but as noted above, allegations of emotional or reputational harm are not sufficient and her allegations of economic harm are not specific. She provides no

explanation for how the District's statements harmed her profession or trade. The general allegation portion of Plaintiff's second amendment complaint does include the assertion that she lost wages (*id.* ¶¶ 161-64), but any lost wages are clearly tied to her alleged wrongful termination, not consequences of defamatory statements. Because Plaintiff has not pled special damages with specificity, the Court will grant Defendants' motion to dismiss the defamation count for failure to state a claim.[2]

**B. False Light Invasion of Privacy Claim.**

"False light invasion of privacy . . . protects against the conduct of knowingly or recklessly publishing false information or innuendo that a reasonable person would find highly offensive." *Godbehere*, 783 P.2d at 786 (citation modified). "[A] plaintiff cannot sue for false light invasion of privacy if he or she is a public official and the publication relates to performance of his or her public life or duties." *Id.* at 789 (emphasis omitted).

Public officials are those who "have, or appear to the public to have, substantial responsibility for or control over the conduct of government affairs." *Lewis v. Oliver*, 873 P.2d 668, 674 (Ariz. Ct. App. 1993) (quoting *Rosenblatt v. Baer*, 383 U.S. 75, 85-86 (1966)). Under Arizona law, teachers and even student senators are public officials. *Id.* at 675; *Sewell v. Brookbank*, 581 P.2d 267, 270 (Ariz. Ct. App. 1978); *Klahr v. Winterble*, 418 P.2d 404, 410 (Ariz. 1966). Plaintiff is too. As a public-school principal, Plaintiff provides educational leadership to students, teachers, and employees. Given this substantial responsibility, parents and employees would naturally seek information about why she was absent. Doc. 12 ¶¶ 113-14. The District's statements also related to Plaintiff's performance of her professional duties – they address her absence from the school.

---

[2] Defendants also argue that stating Plaintiff "could not hang on any longer" is a non-actionable opinion. Doc. 14 at 6-7. Although opinions are not actionable under defamation law, opinions that imply a false assertion of fact are actionable. *Milkovich v. Lorain J. Co.*, 497 U.S. 1, 18-19 (1990). Stating that Plaintiff "could not hang on any longer" plausibly implies that it was Plaintiff's choice to leave and is thus actionable.

Because the District's statements address Plaintiff's role as a public official, she cannot sue for false light invasion of privacy. *Godbehere*, 783 P.2d at 789. The Court will grant Defendants' motion to dismiss this claim.[3]

**C. Intentional Infliction of Emotional Distress Claim.**

Plaintiff asserts a claim for intentional infliction of emotional distress against the District. Doc. 12 ¶¶ 273-87. She alleges the District discriminated against her on the basis of her disability, temporarily refused to grant her request for a new evaluator, evaluated her under false pretenses with an unjustified result, placed her on indefinite administrative leave, falsely represented her situation to third parties, threatened to report her to ADE and place her on a PIP, concealed information about her situation from the District's Board of Directors, and refused to disclose whether or not she was eligible for rehire. *Id.* ¶¶ 275-77. Further, the District was aware that Plaintiff was particularly susceptible to emotional distress because of her anxiety disorder. *Id.* ¶¶ 278-81.

**1. Extreme and Outrageous Conduct.**

A viable claim for intentional infliction of emotional distress requires the plaintiff to prove (1) extreme and outrageous conduct by the defendant, (2) intent or recklessness to cause emotional distress by the conduct, and (3) that severe emotional distress did in fact result. *Ford v. Revlon, Inc.*, 734 P.2d 580, 585 (Ariz. 1987). A defendant's conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Mintz v. Bell Atl. Sys. Leasing Int'l, Inc.*, 905 P.2d 559, 563 (Ariz. Ct. App. 1995) (quoting *Cluff v. Farmers Ins. Exch.*, 460 P.2d 666, 668 (Ariz. 1969)). "[A] relevant factor in determining outrageousness is defendant's knowledge that plaintiff is particularly susceptible to emotional distress." *Id.*; *Stoker v. Hartford Life and Accident Ins. Co.*, 355 F. Supp. 3d 893, 899-900 (D. Ariz. 2019) (where a plaintiff with documented mental health

[3] Defendants raise several other arguments regarding the false light invasion of privacy claim. *See* Doc. 14 at 8. Given the Court's ruling dismissing the claim, the Court need not address Defendants' other arguments.

disorders experienced rude and dismissive behavior, the defendant's alleged conduct "can be classified as outrageous and extreme").

At the same time, "it is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress." *Mintz*, 905 P.2d at 563 (quoting *Cox v. Keystone Carbon Co.*, 861 F.2d 390, 395 (3d Cir. 1988)); *see also Pontikis v. Lucid USA Inc.*, No. CV-22-02061-PHX-GMS, 2023 WL 6127693, at *3 (D. Ariz. Sept. 19, 2023) (determining that public reprimand, negative comments, and being passed up for a promotion do not constitute extreme and outrageous conduct by an employer); *Wallace v. Casa Grande Union High Sch. Dist. No. 82 Bd. of Governors*, 909 P.2d 486, 495 (Ariz. Ct. App. 1995) (adjusting an employee's position and salary, and stating that "nobody likes you" and "you piss people off" did not amount to intentional infliction of emotional distress); *but see Ford*, 734 P.2d at 585 (failing to respond to repeated complaints of sexual harassment may amount to intentional infliction of emotional distress).

Defendants argue that the District's actions, as a matter of law, do not amount to extreme and outrageous conduct. Doc. 14 at 10-11. On one hand, the District's actions appear consistent with standard performance evaluation procedures. But like the plaintiff in *Stoker*, Plaintiff plausibly alleges that, given her weakened emotional state, the District's actions amounted to extreme and outrageous conduct. Doc. 12 ¶¶ 16-20, 280-81. Given these allegations, dismissal of Plaintiff's intentional infliction of emotional distress claim is inappropriate without further discovery.

**2. Compliance with Arizona's Notice of Claim Statute.**

"All actions against any public entity or public employee shall be brought within one year after the cause of action accrues and not afterward." A.R.S. § 12-821. "[A] cause of action accrues when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition that caused or contributed to the damage." *Id.* § 12-821.01(B); *Power Rd.-Williams Field LLC*

*v. Gilbert*, 14 F. Supp. 3d 1304, 1310 (D. Ariz. 2014) (noting that Arizona courts apply this trigger to A.R.S. § 12-821).

Defendants argue that Plaintiff's intentional infliction of emotional distress claim is time-barred under A.R.S. §§ 12-821 and 12-821.01 because most of the allegations in the claim occurred more than one year before the original complaint was filed. Doc. 14 at 11-12. The second amended complaint alleges that Plaintiff's mental-health conversations with her supervisor occurred in April 2024, and that her meeting with Moffitt about special education resources occurred in August 2024, both more than a year before she filed suit on November 11, 2025. Doc. 1 ¶ 2; Doc. 12 ¶¶ 44-45, 48, 74-75. It is not clear from these factual allegations, however, whether Plaintiff knew or reasonably should have known the cause or source of her damage based on these interactions with District employees. Rather, the second amended complaint appears to assert an intentional infliction of emotional distress claim based on cumulative events rather than one single event.[4] Given this factual uncertainty, the Court cannot resolve the issue of accrual at the motion to dismiss stage. The Court will deny Defendants' motion to dismiss the intentional infliction of emotional distress claim.

**D. Section 1983 Claim.**

Plaintiff's § 1983 claim is brought only against Defendant Moffitt. Doc. 12 ¶¶ 253-72. "To state a claim for relief in an action brought under § 1983, [plaintiffs] must [allege] that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere

---

[4] There is a difference between intentional infliction of emotional distress claims based on one incident and those resulting from "a long series of cumulative acts, any of which likely was insufficient by itself to support the claim." *Watkins v. Arpaio*, 367 P.3d 72, 72 (Ariz. Ct. App. 2016). For the former, the claim accrues at the time of the emotionally distressing event. *Id.* For the latter, a claim may be supported by a series of events spanning more than a year. *Id.* (citing *Ford*, 734 P.2d at 582-85).

conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)).

"The Equal Protection Clause of the Fourteenth Amendment requires states to treat all similarly situated persons alike." *Bialis v. Catalina Foothills Unified Sch. Dist. No. 16*, No. CV-23-00318-TUC-RM, 2023 WL 8480064, at *5 (D. Ariz. Dec. 7, 2023) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). Strict scrutiny applies when a state's classification disadvantages a suspect class or infringes on the exercise of a fundamental right. *Id.* Rational basis review applies when neither a suspect class nor a fundamental right is at issue. *Id.* "For the purposes of equal protection analysis, the disabled do not constitute a suspect class." *Does 1-5 v. Chandler*, 83 F.3d 1150, 1155 (9th Cir. 1996). Thus, claims based on disability discrimination rely on a "class of one" theory of equal protection, where a plaintiff alleges that he or she has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Sharer v. Oregon*, 481 F. Supp. 2d 1156, 1162 (D. Or. 2007). The Ninth Circuit has held that the "class of one" theory of equal protection does not apply to employment decisions made by public employers. *Engquist v. Or. Dep't of Agric.*, 478 F.3d 985, 993-96 (9th Cir. 2007) ("[W]e hold that the class-of-one theory of equal protection is inapplicable to decisions made by public employers with regard to their employees.").

As a result, several courts have held that disability discrimination claims in the public employment context are barred by *Engquist*. *See Dellafosse v. Cnty. of Contra Costa*, No. C-07-3948 MMC, 2008 WL 823805, at *2 (N.D. Cal. Mar. 27, 2008) ("[I]f plaintiff's claim is premised on the theory that she was discriminated against because of animus on account of her alleged disability, plaintiff cannot state a claim under the Equal Protection Clause."); *Sharer*, 481 F. Supp. 2d at 1163 (same); *Beren v. Bd. of Trs. of Cal. State Univ.*, No. C-06-4706 MMC, 2007 WL 2408884, at *1 (N.D. Cal. Aug. 21, 2007) (same). The Court agrees with these decisions and will dismiss the § 1983 count for failure to state a claim. Plaintiff's citation to *Okwu v. McKim*, 682 F.3d 841 (9th Cir. 2012), is not

persuasive because that case specifically recognizes that a class of one claim under § 1983 "is not available in the public employment context." *Id.* at 846.[5]

**E. Wrongful Termination/Constructive Discharge Claim.**

Plaintiff asserts a wrongful termination/constructive discharge claim under A.R.S. § 23-1501(A)(3)(b)-(c) against the District. Doc. 12 ¶¶ 202-17. Plaintiff alleges that she was constructively discharged for reporting that Las Brisas did not have sufficient special education teachers and that she was attacked and injured by a student due to these deficiencies. *Id.* ¶¶ 206-07. Plaintiff also alleges that, because of her reporting, she was discriminated against, placed on administrative leave, defamed, and threatened, placing her in a position in which she felt compelled to resign. *Id.* ¶¶ 210-11.

**1. Constructive Discharge Claim Accrual Date.**

To bring a constructive discharge claim under A.R.S. § 23-1502 against a public employer, an employee must satisfy Arizona's notice of claim statute, A.R.S. § 12-821.01. *Barth v. Cochise Cnty., Ariz.*, 138 P.3d 1186, 1190 (Ariz. Ct. App. 2006). The statute requires an employee to file a notice of claim within 180 days after the cause of action accrued. The claim must "contain facts sufficient to permit the public entity . . . to understand the basis on which liability is claimed." A.R.S. § 821.01(A). This is a low threshold: § 821.01(A) requires just enough facts to allow the public entity to investigate a claim and decide whether to settle. *Backus v. State*, 203 P.3d 499, 505 (Ariz. 2009) ("[A]s long as a claimant provides facts to support the amount claimed, he has complied with the

[5] Defendants also argue that Plaintiff's § 1983 claim is barred by the Americans with Disabilities Act ("ADA") and the Rehabilitation Act. Doc. 14 at 14. A plaintiff cannot bring a § 1983 action to vindicate rights created by section 504 of the Rehabilitation Act, Title II of the ADA, or Title V of the ADA. *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002); *Okwu*, 682 F.3d at 846; *Allford v. Barton*, No. 1:14-CV-00024-AWI, 2015 WL 2455138, at *12 (E.D. Cal. May 22, 2015). Preclusion under the ADA and Rehabilitation Act is yet another reason to dismiss Plaintiff's § 1983 claim.

Defendants further argue that Moffitt is entitled to qualified immunity. Doc. 14 at 15. The Court need not reach the question of qualified immunity because Plaintiff has not established that Moffitt violated the Constitution.

supporting-facts requirement of the statute, and courts should not scrutinize the claimant's description of facts to determine the 'sufficiency' of the factual disclosure."); *Havasupai Tribe of Havasupai Rsrv. v. Ariz. Bd. of Regents*, 204 P.3d 1063, 1075 (Ariz. Ct. App. 2008) ("[S]ection 12-821.01 does not require a notice to contain facts sufficient to prove a claim"); *Mitchell v. City of Flagstaff*, No. CV 11-8140-PCT-FJM, 2011 WL 5826014, at *1 (D. Ariz. Nov. 18, 2011) ("A notice of claim . . . need not satisfy the pleading standards of *Twombly* and *Iqbal*.").

Defendants argue that Plaintiff's constructive discharge claim is barred because her second notice of claim did not put the District on sufficient notice of the constructive discharge claim and her third notice falls outside of the 180-day window. Docs. 14 at 16, 19 at 10-11. Plaintiff alleges that she was constructively discharged on February 6, 2025, when she submitted her letter of intent not to return to the District for the following school year. Doc. 12 ¶¶ 119-20. Plaintiff submitted her second notice of claim to the District on March 12, 2025. Doc. 14-1 at 9. The notice asserts a claim for constructive discharge because "the District repeatedly placed [Plaintiff] and her staff in physical danger by refusing to provide her sufficient resources for Las Brisas' special education department" in violation of special education laws and regulations. *Id.* at 12. These allegations clear the low notice threshold because they provided the District with enough facts "to investigate a claim and decide whether to settle." *Backus*, 203 P.3d at 505. And because Plaintiff submitted her second notice within 180 days of her notice of resignation, the claim is not time-barred. The Court will deny Defendants' motion to dismiss the wrongful termination/constructive discharge count.

**2. Clarification of Wrongful Termination Claim.**

Under Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Defendants argue that Plaintiff's wrongful termination claim based on A.R.S. § 23-1501(A)(3)(b) and (c) requires clarification.

The Court does not find Plaintiff's claims insufficiently clear. Section 23-1501(A)(3)(b) permits an employee to "bring a tort claim for wrongful termination in violation of the public policy set forth in [Arizona] statute," and Plaintiff alleges that the District discharged her because she reported conduct that amounts to a violation of the public policy considerations underlying A.R.S. § 15-507. Doc. 12 ¶¶ 208-09. Section 23-1501(A)(3)(c)(ii) permits an employee to bring a claim against an employer if retaliation occurred because the employee disclosed that the employer "has violated, is violating or will violate" Arizona law, and Plaintiff alleges that she reported concerns to the District about Las Brisas' noncompliance with Arizona's special education laws. Doc. 12 ¶ 206. These allegations provide sufficient notice to Defendants of the claims against them. Further clarification can be sought through discovery.

**IT IS ORDERED:**

Defendants' partial motion to dismiss (Doc. 14) is **granted in part** and **denied in part**. The motion is granted with respect to the defamation, false light invasion of privacy, and § 1938 claims. The motion is denied in all other respects.

Dated this 28th day of September, 2026.



David G. Campbell
Senior United States District Judge